IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Karran Lynn Betterton,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Commissioner of Social Security Administration,<br><br>　　　　　Defendant. | No. CV-24-01623-PHX-JJT<br><br>**ORDER** |

　　　　Before the Court is the Report and Recommendation ("Doc. 23, "R&R") entered by United States Magistrate Judge Alison S Bachus concluding that this Court should reverse the final decision of the Commissioner of the Social Security Administration ("SSA") denying Plaintiff's application for Social Security Disability Insurance and Supplemental Security Income, and remand to SSA for further proceedings. Plaintiff has filed an Objection to the R&R, agreeing with its recommendation for reversal, but seeking remand for a calculation of final benefits, rather than for further proceedings. (Doc 24.) Defendant has responded in opposition to that Objection (Doc. 25), urging the Court to follow Judge Bachus's R&R and remand for additional proceedings.

　　　　The Court will adopt Judge Bachus's R&R in whole, including its reasoning, on a finding that such further proceedings do not amount merely to a "mulligan" for the ALJ as Plaintiff characterized, but rather that further proceedings serve a useful purpose here. Thus, a correct application of the credit-as-true rule justifies remand for further proceedings.

1    In her Objections, Plaintiff argues that all three elements of the credit-as-true rule are met and that "[t]he R&R does not suggest that there is serious doubt in the record that [she] is disabled." (Doc. 24 at 5). In the R&R, Judge Bachus found further proceedings would be useful to resolve ambiguities in the record as to at least two issues: 1) whether Plaintiff's migraines "are adequately controlled with treatments such as Topamax and nerve block injections" and 2) whether her fibromyalgia "requires lifestyle modifications that would preclude her from working." (R&R at 12-13.)

Plaintiff argues that the ambiguities the R&R identified "are rendered unambiguous by the R&R itself," concluding that as to the first issue, the record evidence is fully developed that she could not work even with the migraine treatments. The Court is not persuaded as to this first argument. As Defendant points out, whether the treatments stopped the migraines altogether or not is not the question; rather, it is whether what remains in terms of migraines after treatment is "work preclusive," and on this point, the record remains ambiguous. Further proceedings would have a purpose.

The Court finds Plaintiff's argument on the second issue—that "any erroneous ambiguity" in the record regarding Plaintiff's limitations from fibromyalgia "is actually within the ALJ's reasoning, not within the evidence corroborating [Plaintiff's] symptoms" (Doc. 24 at 6)—to be somewhat circular and ultimately not convincing. Defendant points to the results of several examinations that conflict with or contradict Plaintiff's complaints of muscle weakness, stiffness and difficulty walking. These conflicts in the evidence itself—not the ALJ's reasoning in evaluating it—demonstrate sufficient ambiguity to justify further proceedings on precisely this point.

**IT IS ORDERED** overruling Plaintiff's Objections (Doc. 24) and adopting the reasoning and conclusions of the R&R (Doc. 23).

**IT IS FURTHER ORDERED** reversing and remanding the final decision of the Commissioner for further proceedings consistent with this Order.

. . .

. . .

**IT IS FURTHER ORDERED** directing the Clerk of Court to enter judgment accordingly and terminate this matter.

Dated this 7th day of May, 2025.

Honorable John J. Tuchi
United States District Judge